IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Linda Mungin, ) | |
| ) | Civil Action No. 8:05-1717-MBS-BHH |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Jo Anne B. Barnhart, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff brought this action pursuant to Section 1631(c)(3) of the Social Security Act (the "Act"), as amended, 42 U.S.C. Section 1383(c), to obtain judicial review of a final decision of the Commissioner of Social Security Administration that the plaintiff was not entitled to Supplemental Security Income ("SIS).

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

Linda Mungin was born on March 3, 1948. She was 54 years old when she applied for Supplemental Security Income benefits. She has a tenth grade education. The plaintiff's past relevant work was that of a grocery store bagger and grill cook for a fast food restaurant. The plaintiff has been diagnosed with a heart condition, depression, and post traumatic stress disorder ("PTSD"). Horrifically, it is undisputed that the plaintiff's mental

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

condition is attributable in part to the fact that she witnessed the murder of her youngest son. (R. 123-124, 282.)

The plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. § 1381-1383(c), on December 31, 2002 (protective filing date), alleging an onset of disability of February 2, 2001. (R. 49.) The plaintiff's application was denied initially and upon reconsideration. (R. 27-40.) Following an administrative hearing on October 8, 2003 (R. 274-90), an Administrative Law Judge (ALJ) found, in a decision dated February 26, 2004 (R. 206-12), that the plaintiff was not disabled. On September 16, 2004, the Appeals Council remanded the case for further action. (R. 223-26.) A supplemental hearing was held on January 27, 2005. (R. 260-73.) On March 25, 2005, the ALJ issued an unfavorable decision finding that the plaintiff could perform her past relevant work as a grocery store bagger or grill cook and was not disabled. (R. 24-25.) On May 19, 2005, the Appeals Council denied the plaintiff's request for review (R. 7-11), thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. § 416.1481 (2005).

## APPLICABLE LAW

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five

sequential questions.  An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment.  *See* 20 C.F.R. §404.1520.  If an individual is found not disabled at any step, further inquiry is unnecessary.  *See* 20 C.F.R. §404.1503(a); *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work.  Social Security Ruling ("SSR") 82–62.  The plaintiff bears the burden of establishing his inability to work within the meaning of the Act.  42 U.S.C. §423(d)(5).  He must make a prima facie showing of disability by showing he is unable to return to his past relevant work.  *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy.  The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert.  *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied.  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence.  *See Pyles v.*

*Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)).  The phrase "supported by substantial evidence" is defined as :

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## DISCUSSION

The plaintiff contends that the ALJ erred in failing to find her disabled. Specifically, the plaintiff alleges that the ALJ erred in (1) failing to properly consider the findings and opinions of the plaintiff's treating physician; and (2) failing to properly consider and evaluate the plaintiff's mental impairments.

**I.     OPINION OF TREATING PHYSICIAN**

The plaintiff first complains that the ALJ erroneously accorded the opinion of the plaintiff's treating physician, Dr. M. Alexander, *no weight*.  The plaintiff contends that the ALJ should not have rejected the disability opinion as expressed by Dr. Alexander in response to two residual functional capacity evaluation questionnaires of October 8, 2003 and April 23, 2004, respectively.[2]

---

[2] As an initial matter, the Court does not interpret the ALJ's rejection of Dr. Alexander's opinion as broadly as the plaintiff. Clearly, the ALJ did not reject *all* of the findings and conclusions of Dr. Alexander. (R. 19-20.) Instead, the ALJ appears to have given no weight to the conclusion of Dr. Alexander as to the physical restrictions caused by the plaintiff's condition, because those conclusions were either in contradiction with other evidence or not substantiated. The ALJ's decision to afford no weight to Dr. Alexander's

4

In the October 8 questionnaire, Dr. Alexander stated that he saw the plaintiff every six weeks for depressive disorder and PTSD and that her current GAF was 55 (indicative of moderate symptoms). (R. 199-02.) Dr. Alexander noted that the plaintiff's prognosis was fair and that she did not have any side effects from her medications. (R. 200-01.) Dr. Alexander opined that the plaintiff's mental impairment caused a slight restriction of daily living activities, slight difficulties in maintaining social functioning, frequent deficiencies of concentration, persistence, or pace, and continual episodes of decompensation. (R. 202.)

In the April 23 questionnaire, Dr. Alexander diagnosed the plaintiff with Post Traumatic Stress Disorder, depression, and polysubstance abuse; stated that her response to treatment had been fair with fatigue as the only side effect of her medication; and characterized her prognosis as poor. (R. 235.) He also stated that suicide ideation and depression were clinical findings that demonstrated the severity of the plaintiff's condition. (R. 235.) He stated that the plaintiff's abilities to remember work-like procedures; understand and remember short simple instructions; carry out short simple instructions; sustain an ordinary routine without special supervision; ask simple question or require assistance; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers; and respond appropriately to changes in a routine work setting were limited but satisfactory. (R. 237.) He also opined that the plaintiff's abilities to maintain regular attendance; work in coordination with or proximity to others; make simple work-related decisions; complete a normal workday without interruption from psychologically based symptoms; deal with normal work stress; and perform at a constant pace were seriously limited but not precluded. (R. 237.)

---

ultimate disability opinion, therefore, will not be considered as dramatically or as extensively as implied by the plaintiff. Accordingly, there is no inconsistency in the ALJ's reliance on certain findings of Dr. Alexander while simultaneously rejecting the doctor's ultimate conclusions about the plaintiff's disability and activity limitations, contrary to the plaintiff's argument in her brief and reply.

Normally, the treating physician's opinion is accorded controlling weight if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (2000); *see also* Giving Controlling Weight to Treating Source Medical Opinions, 61 Fed. Reg. 34490, 34491-92 (1996); *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (controlling weight will be given to a treating physician's opinion concerning the severity of a claimant's impairment only if the opinion is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987); *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000) (treating physician's opinion does not automatically control since the ALJ must evaluate the record as a whole). Conversely, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro*, 270 F.3d at 178. Although it does not appear that the Fourth Circuit has expressly addressed the issue, it is not, as the plaintiff contends, necessarily arbitrary or an abuse of discretion to afford an inconsistent or unsupported opinion of a treating physician *no weight* whatsoever. *See Hillman v. Barnhart*, 2006 WL 690879, at *2 (5th Cir. 2006); *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir.2001).

The record supports the ALJ's decision to reject Dr. Alexander's disability opinion. The ALJ specifically concluded both that Dr. Alexander's opinion was unsupported by clinical findings and inconsistent with other evidence of record, including his own treatment notes. (R. 19.) As stated, a dearth of clinical findings and inconsistency with other substantial evidence are precisely the grounds on which an ALJ may discredit a treating physician's opinion. *See Mastro*, 270 F.3d at 178.

The ALJ found that Dr. Alexander's clinical records did not reflect the concentration deficiencies described in the October 8 or April 23 questionnaires. ( R. at 19.) In fact, the

6

ALJ expressly discussed, *id.*, how the clinical records of Dr. Alexander include substantial evidence that the plaintiff had no problems with concentration and was alert and oriented (*see, e.g.*, R. at 158, 159). Significantly, none of Dr. Alexander's treatment notes reflect any limitations on the plaintiff's activities due to her mental impairments. *See Melton v. Apfel*,181 F.3d 941, 941 (8 th Cir. 1999) (lack of medically necessary restrictions support the ALJ's finding that Plaintiff was not disabled). In her brief, the plaintiff highlights specific excerpts from the record purportedly indicative of clinical findings consistent with Dr. Alexandar's ultimate disability opinion. (Pl.'s Brief at 7-8.) Even those excerpts, however, simply identify the mental diagnosis and nowhere recommend activity restrictions or limitations, much less of the quality and kind ultimately articulated in his responses to the RFC questionnaires. The ALJ did not reject Dr. Alexander's PTSD or depression diagnosis; he simply rejected the severity and the effect of those conditions on the plaintiff's activity.

As noted by the ALJ (Tr. 19-20), Dr. Alexander's unsubstantiated limitations were also inconsistent with other evidence in the record. For instance, the ALJ noted that Dr. Alexander's opinion is inconsistent with the findings of Dr. Ester Hare, an internal medicine physician, that the plaintiff's mini mental examination was within normal limits (R. 174) and the findings of Dr. M. Patrick Jarrell, a State agency psychological consultant, that the plaintiff's mental impairments did not cause any restriction of daily living activities or difficulties in maintaining social functioning and were not severe impairments (R. 177, 187). While these opinions are not dispositive of the issue of the plaintiff's disability, the ALJ was not in error in considering them in conjunction with other inconsistencies and inadequacies identified in Dr. Alexander's own treatment notes. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992) (ALJ may properly give significant weight to an assessment from a nontreating physician); Social Security Ruling (SSR) 96-6p (opinions of State agency medical consultants must be considered and weighed as those of highly qualified experts).

Finally, the plaintiff complains that the ALJ did not specifically refer to the criteria of 20 C.F.R. § 416.927(d) in rejecting Dr. Alexander's opinion. Contrary to the plaintiff's implication, an ALJ is not required to provide a written evaluation of every piece of evidence, but need only "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir.2004)). Moreover, a formalistic factor-by-factor recitation of the evidence is simply not required. *See Qualls v. Apfel*, 206 f.3d 1368, 1372 (10th Cir. 2000.) The Court is satisfied that the ALJ met his burden. The plaintiff argues that the ALJ did not consider the "examining relationship," "treatment relationship," or "specialization" of Dr. Alexander and only considered the "consistency" of his opinions with the medical records. The strength of those factors, however, were never in dispute. Notwithstanding, the ALJ clearly reviewed and referred to portions of the record which would have informed his decision on those considerations. (R. 19, 21-22.) Although the extent of his consideration could have been made more apparent, the ALJ's analysis did not constitute legal error.

Ultimately, the Court does not disagree with the plaintiff that a different conclusion could have been reached in this case. But such is not the inquiry. Even if the plaintiff can produce conflicting evidence which might have resulted in a contrary decision, the Commissioner's findings must be affirmed if substantial evidence supported the decision. *See Blalock*, 483 F.2d at 775. It is the ALJ's duty to weigh all the evidence, resolve material conflicts in the record and decide the case accordingly. *See Richardson v. Perales*, 402 U.S. 389, 399 (U.S. 1971). In this case, the plaintiff simply disagrees with the interpretation of the evidence. Substantial evidence, however, supports the ALJ's decision to afford the treating physician's disability opinion no weight and the Court may not disturb that decision as a result. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996) (finding that treating physician's opinion was inconsistent with his own medical notes).

**II.    CONSIDERATION OF THE PLAINTIFF'S MENTAL IMPAIRMENTS**

Lastly, the plaintiff contends that the ALJ failed to specifically consider the plaintiff's depression or to conclude whether or not it was a severe impairment. Although the ALJ could have been more clear, the Court disagrees with the plaintiff. In concluding that the plaintiff's post-traumatic stress disorder is not a severe impairment, the ALJ additionally stated:

> In regard to the claimant's mental capacity, the Administrative Law Judge has considered all relevant evidence to obtain a longitiudinal picture of the claimant's overall degree of functional limitation. In so doing the Administrative Law Judge has considered all relevant and available clinical signs and laboratory findings, the effects of the claimant's symptoms, and how the claimant's functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medications, and other treatment.

(R. 21 n.1.) It is clear from this footnote and the ALJ's recitation of the evidence elsewhere in the decision (*see, eg.*, R. 19.) that he considered the effects of the plaintiff's depression and concluded that it was not a severe impairment. The Court will not unnecessarily parse the ALJ's words and remand on poor semantics alone, when the effort and conclusion of the ALJ is so otherwise plain in regards to the plaintiff's depression.

The plaintiff further specifically challenges the findings reached in footnote one, and recited above in part, and argues that they would not be supported by substantial evidence had Dr. Alexander's opinion been properly weighted. As discussed, however, the Court disagrees with the plaintiff, in the first instance, that Dr. Alexander's opinion was not properly considered. Accordingly, the argument is unpersuasive.

9

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/ Bruce H. Hendricks<br>
United States Magistrate Judge

April 21, 2006
Greenville, South Carolina