

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| LINDA MUNGIN, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 8:05-1717-HFF-BHH |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security § | |
| Defendants. § | |
| § | |
| § | |
| § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**I.     Introduction**

This is a Social Security action. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  The matter is before the Court for review of the United States Magistrate Judge's Report and Recommendation (Report) recommending that the decision of the Administrative Law Judge (ALJ) be affirmed.  The Report is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) D.S.C.

Plaintiff Linda Mungin (Plaintiff) brought this action pursuant to § 1631(c)(3) of the Social Security Act, as amended, and 42 U.S.C. § 1383(c), to obtain judicial review of the final decision of the Commissioner of Social Security Administration.

## II.  Factual and Procedural History

Plaintiff was born March 3, 1948, and has a tenth grade education. She applied for Supplemental Security Income benefits when she was 54 years old, and her past relevant work experience includes working as a grocery store bagger and grill cook for a fast food restaurant. She has been diagnosed with a heart condition, depression, and post traumatic stress disorder. These conditions are attributable, at least in part, to the fact that she witnessed the murder of her youngest son. (R. at 123-124, 282.)

In December 2002, Plaintiff filed an application for Supplemental Security Income under the Social Security Act, 42 U.S.C. § 1381-1383(c). (R. at 49.) Both initially and upon reconsideration, Plaintiff's application was denied. (R. at 27-40.) On appeal, on February 26, 2004, the ALJ determined Plaintiff not disabled. (R. at 206-212.), and on September 16, 2004, the Appeals Council remanded the case for further action. (R. at 223-226.) On remand the ALJ held a supplemental hearing on January 27, 2005. (R. at 260-273.) Following this, the ALJ issued a second unfavorable decision on March 25, 2005, finding that Plaintiff could perform her past relevant work as a grocery store bagger or grill cook and was not disabled. (R. at 24-25.) On May 19, 2005, the Appeals Council denied Plaintiff's request for review. (R. at 7-11.) The ALJ's decision is the final decision for purposes of judicial review. 20 C.F.R. § 416.1481 (2005).

## III.  Standard of Review

### A.  Report and Recommendation

The recommendation made by the Magistrate Judge to this Court holds no presumptive weight. This Court holds the responsibility to make a final determination in this matter. *Mathews v. Weber,* 423 U.S. 261, 270 (1976). The Court must conduct a *de novo* review of the portions of

the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. Judicial Review Regarding Final Decision of Disability Benefits.

In Social Security actions, the primary function of a district court is to review an administrative finding to determine if substantial evidence supports the ALJ's decision. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ has the duty to reconcile inconsistencies in the evidence. Thus, if substantial evidence supports the ALJ's findings, his decision must be affirmed. *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1973). Substantial evidence is less than a preponderance, but is more that a mere scintilla. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is enough that a reasonable mind would find it adequate to support the ALJ's conclusion. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

The Court must consider evidence that detracts from, as well as supports, the ALJ's decision, *id.*, and the Court may not reverse a decision of the ALJ merely because substantial evidence supports a contrary finding, *Johnson v. Chater,* 87 F.3d 1015, 1017 (8th Cir. 1996). "If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's findings, we must affirm the decision." *Cruze v. Chater,* 85 F.3d 1320, 1323 (8th Cir. 1996).

### IV. Discussion

#### A. Legal Error.

Plaintiff initially asserts that the ALJ's decision to afford no weight to the opinion of her treating physician, Dr. M. Alexander, was arbitrary and a legal error. Plaintiff does not contend that

her physician's opinion should be given controlling weight, but that it should be given at least "significantly less weight." Plaintiff complains that giving the opinion no weight is "different and worse" than giving significantly less weight.

The general rule in social security actions is that the attending physician's opinion must be given "great weight" unless there is contradictory evidence in the record. *Foster v. Heckler,* 780 F.2d 1125, 1130 (4th Cir. 1986). However, the attending physician's opinion does not automatically control, since the Court must evaluate the record as a whole. *Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995). The Court may grant the attending physician's opinion controlling weight where it is supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Prosch,* 201 F.3d at 1012-13 (8th Cir. 2000). Therefore, when these factors are absent, "less weight, little weight, or even *no weight* may be given to the physician's testimony." *Meyers v. Apfel,* 238 F.3d 617, 621 (5th Cir. 2001) (emphasis added).

While the Fourth Circuit has not directly decided a social security case in favor of giving no weight to a treating physician's opinion, the Court agrees with the Report as well as Fifth Circuit precedent. The ALJ has discretion to afford no weight to a treating physician's opinion when good cause is shown. Therefore, the ALJ in the present case committed no legal error.[*]

---

[*] Plaintiff also contends that affording Dr. Alexander's opinion no weight is the same as disregarding it. This is unpersuasive. To disregard the physician's opinion is to pay no attention to the opinion. There is a significant difference between not agreeing with an opinion and disregarding it altogether. The ALJ here had the task of weighing an inconsistent medical opinion with other more consistent evidence in the record. In doing so, the ALJ found the opinion carried no weight and afforded it such. To make such a determination, the ALJ would logically have to pay the appropriate amount of attention to the opinion. Therefore, the ALJ has not disregarded the opinion; rather, he disagreed with it, based on his assessment of the record as a whole.

B.      **Specific Evidence Showing Good Cause.**

According to Title 20, Section 416.927(d) of the Code of Federal Regulations and supporting case law, the ALJ must consider the following factors before declining to give any weight to the opinions of a treating doctor: 1) examining relationship of treating physician and claimant; 2) treatment relationship: including length of treatment, frequency of examination, and nature and extent of treatment; 3) whether the physician provides evidence to support his opinion; 4) whether the evidence in the record is consistent with the opinion; and 5) whether the physician is a specialist. *Meyers,* 238 F.3d at 621.

Plaintiff contends not only that the ALJ erred by giving no weight to the opinion of the attending physician, but also that the ALJ failed to provide adequate explanation for his decision, as required by law. In making this argument, Plaintiff complains that the ALJ did not specifically discuss each of the factors provided in 20 C.F.R. § 416.927 in rejecting Dr. Alexander's opinion. However, when considering the credibility of testimony, the ALJ is not required to perform a "factor-by factor" recitation of the evidence. *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Instead, the ALJ must set forth the specific evidence he relied on in evaluating the credibility of the testimony, *id.*, and must give good reasons, based on such evidence, for the particular weight given to a treating physician's evaluation. *Prosch,* 201 F.3d at 1013.

In situations where the ALJ gave the treating physician's opinion no weight, courts have reversed only where the ALJ noted a single inconsistency without further explaining the deficiencies in the physician's opinion. *E.g., Meyers,* 238 F.3d at 621 (reversing the ALJ's decision to afford claimant's treating physician's opinion no weight where the ALJ provided, as explanation, merely

a single inconsistency of the opinion with a non-specialty medical expert's opinion). In contrast, the ALJ in the present case gave sufficient and detailed reasoning for why he gave no weight to the treating physician's opinion. First the ALJ stated that the opinion of Dr. Alexander regarding Plaintiff's mental impairments conflicted with that of other medical experts who examined Plaintiff. For example, Dr. Ester Hare, internal medicine physician, found that Plaintiff's mini-mental examination was within normal limits (R. at 174) and Dr. M. Patrick Jarrell, state agency psychological consultant, concluded that Plaintiff's mental impairments did not cause any restriction of daily living activities and were not severe impairments. (R. at 177, 187.) While these opinions are not dispositive on the issue of Plaintiff's disability, the ALJ was correct in considering them in conjunction with other evidence in the record.

The more probative reasoning given by the ALJ for his decision to give no weight to Dr. Alexander's opinion is that the opinion conflicts with the doctor's own case notes. In his October 8, 2003 questionnaire, Dr. Alexander noted that Plaintiff had frequent deficiencies of concentration, but his case notes did not reflect this finding. (R. at 19.) In November 2002, Dr. Alexander noted no problems with concentration. (R. at 159.) Similarly, in January 2003, Dr. Alexander again noted no concentration problems. (R. at 158.) In March of 2003, Dr. Alexander found Plaintiff to be "alert and oriented times four." (R. at 174.) On September 26, 2003, she was alert and oriented times three. (R. at 153.) On November 20, 2003 and again on February 2, 2004, she was alert and oriented times three. (R. at 241, 254.) Despite these notes, on April 23, 2004, in a Mental Residual Functional Capacity Questionnaire, Dr. Alexander found Plaintiff to be seriously limited in maintaining concentration and attention. (R. at 235-39.)

Dr. Alexander's clinical records did not reflect the concentration deficiencies noted in his October 8 or April 23 questionnaires. The clinical notes actually provide evidence that Plaintiff had no concentration problems. Therefore, Dr. Alexander's notes are inconsistent with his opinion that Plaintiff had serious concentration limitations, and they fail to provide evidence in support of his opinion regarding concentration.

Additionally, Dr. Alexander's notes regarding Plaintiff's ability to work are inconsistent with his ultimate disability opinion. In the October 8 questionnaire, Dr. Alexander opined that Plaintiff's mental impairments caused only slight restriction of daily living activities and only slight difficulties in maintaining social functioning. (R. at 202.) In the April 23 questionnaire, Dr. Alexander stated that Plaintiff's ability to remember work-like procedures, understand and remember simple instructions, carry out short simple instructions, sustain an ordinary routine without special supervision, ask simple questions or require assistance, accept instructions and respond appropriately to criticism from supervisors, get along with co-workers, and respond appropriately to changes in a routine work setting were limited but satisfactory. (R. at 237.) In the same report, Dr. Alexander opined that Plaintiff's ability to maintain regular attendance, work in coordination with or in proximity to others, make simple work-related decisions, complete a normal workday without interruption from psychologically based symptoms, deal with normal work stress, and perform at a constant pace were seriously limited but not precluded. *Id.*

If Plaintiff's mental impairments caused her to be disabled, then at least some of the activities and abilities listed above would be not merely limited but precluded. Dr. Alexander did not find Plaintiff's mental impairments precluded her from any of her work related activities. Consequently,

Dr. Alexander's disability opinion is inconsistent with his treatment notes, which reflect no substantial limitations on Plaintiff's activities due to her mental impairments.

While the ALJ may not have specifically addressed each factor of 20 C.F.R. § 416.927(d) in his analysis (nor is he required to do so, *Qualls,* 206 F.3d at 1372), it is obvious from his conclusion that he considered all of these factors in making his determination. The ALJ did not comment on such factors as the examining relationship of the treating physician, the nature and extent of treatment, and the status of the treating physician as a specialist because the Government did not contest these factors. As a result, the ALJ had no need to address these factors specifically. The ALJ specifically addressed and discussed the factors contested: whether the physician provided evidence to support his opinion and whether the opinion was consistent with the record. As summarized above, the ALJ gave specific evidence regarding these two factors in support of his decision to give Dr. Alexander's opinion no weight. (R. at 19-20.) Therefore, the ALJ fulfilled his duty to give good reasons for the weight he chose to accord the treating physician's opinion. Because the ALJ's finding regarding Dr. Alexander's opinion is supported by substantial evidence, this Court must uphold this finding.

      **C.**    **<u>Plaintiff's Mental Impairment of Depression.</u>**

Finally, Plaintiff contends that the ALJ failed to address specifically her mental impairment of depression and the severity of this impairment. Plaintiff argues that according to the special technique in 20 CFR § 416.920a(b)(1), the ALJ must evaluate claimant's pertinent symptoms, signs, and laboratory findings to determine whether claimant is mentally impaired. Plaintiff further asserts that the ALJ failed to adhere to the special technique because he did not specifically address her depression symptoms. While the ALJ specifically addressed only Plaintiff's post-traumatic stress

disorder by concluding that this impairment is not severe, the ALJ additionally stated:

> In regard to the claimant's mental capacity, the Administrative Law Judge has considered all relevant evidence to obtain a longitudinal picture of the claimant's overall degree of functional limitation. In doing so the Administrative Law Judge has considered all relevant and available signs and laboratory findings, the effects of the claimant's symptoms, and how claimant's functioning may be affected by factors including, but not limited to, chronic mental disorders, structured settings, medications, and other treatments.

(R. at 21 n.1.)

The footnote, as well as additional statements in the record, clearly show that the ALJ considered all of Plaintiff's mental impairments and concluded that none were severe. (*See e.g.* R. at 19.) While the ALJ may not have specifically classified Plaintiff's depression, as he did the post traumatic stress disorder, that is not to say that the ALJ overlooked this symptom in coming to his conclusion. The ALJ clearly states that he considered "all relevant evidence" concerning Plaintiff's "overall degree of functional limitations." (R. at 21 n. 1.) While writing an additional line or two in his opinion stating specifically that he also finds Plaintiff's mental impairment of depression "not severe" may make his opinion more complete, it would not affect his ultimate conclusion. Therefore, this Court will not unnecessarily remand for a further explanation of the findings on this one symptom, when the ALJ, by all other accounts, has made it clear that he considered all of Plaintiff's mental impairments and finds her not disabled.

**IV.    Conclusion**

In light of these findings and considering all the evidence in the record, this Court concludes that the final opinion of the ALJ is supported by substantial evidence.

Therefore, the Court overrules Plaintiff's objections to the Report, adopts the Report, and incorporates it herein to the extent that it does not contradict the terms of this Order. Based on the

foregoing, the Court finds that Defendant's determination that Plaintiff is not entitled to disability insurance benefits should be, and hereby is, **AFFIRMED**.

**IT IS SO ORDERED.**

Signed this 29th day of June, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE